John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Rachael W. Hiatt, Bar No. 317623
rhiatt@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Defendants
WAYNE LIN; AND GATECHINA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE LIN; GATECHINA, INC.; and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  3:19-cv-04699-WHO<br><br>**DEFENDANT GATECHINA, INC.'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT** |

Defendant GateChina, Inc. ("GateChina" or "Defendant") hereby answers the Complaint for Damages and Injunctive Relief for Copyright Infringement ("Complaint") of Plaintiff Christopher Sadowski ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1.  In response to Paragraph 1 of the Complaint, Defendant admits that the Complaint purports to assert a claim seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.  Defendant denies that Plaintiff has adequately asserted such claims or that such claims are meritorious.

2. In response to Paragraph 2 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over copyright infringement claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Defendant denies that Plaintiff has adequately asserted such claims or that such claims are meritorious.

3. In response to Paragraph 3 of the Complaint, Defendant admits that for the purposes of this action this Court has personal jurisdiction over GateChina and denies the remaining allegations in this paragraph.

4. In response to Paragraph 4 of the Complaint, Defendant admits that for the purposes of this action venue is proper in the Northern District of California with respect to GateChina, and denies the remaining allegations in this paragraph.

**PARTIES**

5. Defendant is without information sufficient to admit or deny the allegations of Paragraph 5, and therefore denies them.

6. In response to Paragraph 6, Defendant admits that Wayne Lin Wayne Lin is the Chief Executive Officer of GateChina. The remainder of this paragraph states legal conclusions to which no response is required. To the extent an answer is required, Defendant denies those remaining allegations.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Defendant admits that Exhibit A to the Complaint consists of what appears to be a version of the Terms of Use for www.wenxuecity.com and a print out from the California Secretary of State reflecting business entity information for GateChina, Inc. The documents attached as Exhibit A to the Complaint speaks for themselves and Defendant denies the allegations in this paragraph to the extent they mischaracterized the contents of such documents.

10. The allegations in Paragraph 10 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

1    11.    The allegations in Paragraph 11 are indefinite, lack specificity and are otherwise vague as to who other defendants may be, or otherwise call for a legal conclusion; therefore no response is required. To the extent an answer is required, Defendant denies the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies them.

13.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and on that basis denies them.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and on that basis denies them.

15.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and on that basis denies them.

16.    In response to Paragraph 16 of the Complaint, Defendant admits that GateChina owns and operates www.wenxuecity.com, which contains Chinese language content, GateChina and third party users post content on the website, and GateChina derives advertising revenue from the website. Defendant denies the remaining allegations of this paragraph.

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and on that basis denies them.

18.    Defendant denies the allegations contained in Paragraph 18.

19.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies them.

20.    Defendant denies the allegations contained in Paragraph 20.

21.    Defendant denies the allegations contained in Paragraph 21.

22.    Defendant denies the allegations contained in Paragraph 22.

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. § 101 *et seq.*

23. Defendant incorporates by reference its responses to Paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. The allegations in Paragraph 27 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Defendant denies the allegations therein.

28. The allegations in Paragraph 28 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Defendant denies the allegations therein.

## PRAYER FOR RELIEF

These paragraphs constitute prayers for relief and therefore no response is required. Nonetheless, Defendant denies that Plaintiff is entitled to the specified relief or any other relief.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof, Defendant alleged the following separate and distinct affirmative defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim for Relief)

1. Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Statute of Limitations)

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations set forth in 17 U.S.C. § 507. Defendant is informed and believes, and based thereon alleges that Plaintiff unreasonably delayed in filing suit, as well as falsified and/or fabricated

///

1  evidence to support a claim of delayed discovery of alleged infringement that occurred over three
2  years prior to filing the instant lawsuit.

### THIRD AFFIRMATIVE DEFENSE

### (Standing/Indispensable Party)

3. Plaintiff's claims are barred, in whole or in part, on the grounds that he lacks standing and/or failed to include an indispensable party. Defendant is informed and believes, and based thereon alleges, that Plaintiff assigned some or all of his interest in the alleged copyrights in the Camden Images to Splash News and Picture Agency, LLC, and therefore lacks standing to assert claims for copyright infringement and/or cannot do so without joining with Splash News and Picture Agency, LLC in asserting such claims.

### FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use pursuant to 17 U.S.C. § 107. Defendant merely operates as an aggregator of news for Chinese native readers, often times simply acts as a host for information and images uploaded by third party users and has otherwise engaged in fair use. To the extent Defendant is responsible for publishing the alleged copyrighted works, some or all of alleged works were used in news reporting and/or commentary in a sufficiently transformative manner to qualify as fair use.

### FIFTH AFFIRMATIVE DEFENSE

### (Doctrine of Scenes-A-Faire)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of scenes-a-faire. The alleged copyrighted have no degree or measure of creativity and depict factual events in a non-artistic manner.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction/Failure to Register)

6. Plaintiff's claims are barred, in whole or in part, for a lack of subject matter jurisdiction because he lacks valid copyright registrations for the intellectual property rights asserted in that there is no degree or measure of creativity necessary to obtain such registrations

for the works in question. Plaintiff is also barred, in whole or in part, by 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiff's alleged works.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Implied License)**

7. Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of his works, and his claims are therefore barred by the doctrine of implied license. For example, Plaintiff allowed unlicensed third parties to publish his alleged copyrighted works and allowed them to remove Plaintiff's copyright notice making it appear that such works were either in the public domain and/or not otherwise attributable to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Innocent Intent)**

8. Plaintiff's claims are barred, in whole or in part, because Defendant's alleged conduct was innocent, in good faith non-infringing, and with non-willful intent, at all times.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Volitional Act/Third Party Fault)**

9. Plaintiff's claims are barred, in whole or in part, because the alleged infringement was not caused by a volitional act attributable to Defendant. For example, Plaintiff failed to take reasonable and timely steps to prevent unlicensed third parties from publishing his alleged copyrighted works and allowing them to remove Plaintiff's copyright notice making it appear that such works were either in the public domain and/or not otherwise attributable to Plaintiff. Plaintiff's damages, if any, were caused and contributed by the fault and/or breach on the part of others over whom Defendant had no authority or control, and who may or may not be parties to this lawsuit. Therefore, Plaintiff's recovery, if any, from Defendant is barred, or, in the alternative, reduced by the fault of these third parties.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

10. Plaintiff's claims are barred, in whole or in part, because the conduct of third parties constituted a supervening, intervening cause of the damages, injuries and losses allegedly sustained by Plaintiff. For example, Plaintiff failed to take reasonable and timely steps to prevent unlicensed third parties from publishing his alleged copyrighted works and allowing them to remove Plaintiff's copyright notice making it appear that such works were either in the public domain and/or not otherwise attributable to Plaintiff. Plaintiff's damages, if any, were caused and contributed by the fault and/or breach on the part of others over whom Defendant had no authority or control, and who may or may not be parties to this lawsuit. Therefore, Plaintiff's recovery, if any, from Defendant is barred, or, in the alternative, reduced by the fault of these third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

11. Plaintiff's claims are barred, in whole or in part, under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c) where the infringement was caused by information residing on Defendant's systems or networks at the direction of users. Plaintiff failed to timely send Defendant a "take down notice" or otherwise request removal of the allegedly infringing work(s).

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches in that Plaintiff either knew or should have known about the alleged wrongdoing by Defendant well before the filing of the Complaint in this action, but unreasonably delayed in bringing said claims and severely prejudiced Defendant by doing so. Plaintiff also failed to take reasonable and timely steps to prevent unlicensed third parties from publishing his alleged copyrighted works and allowing them to remove Plaintiff's copyright notice making it appear that such works were either in the public domain and/or not otherwise attributable to Plaintiff.

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Defendant is informed and believes, and based thereon alleges that Plaintiff falsified evidence and misrepresented his purported discovery of Defendant's alleged infringement. Defendant is further informed and believes, and based thereon alleges that Plaintiff is in the business of creating alleged copyright claims and demanding money from persons not even involved in the alleged infringement. Plaintiff has filed over 30 similar lawsuits, a significant number of which were dismissed or voluntarily withdrawn. Upon information and belief, and based on publically available records, Plaintiff has a history of fabricating copyright claims. Defendant is also informed and believes, and thereon alleges that Plaintiff received no value for his alleged "license" of the subject works.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel and Acquiescence)

14. Plaintiff's claims are barred, in whole or in part, by the doctrines waiver, acquiescence and/or estoppel. For example, Plaintiff failed to take reasonable and timely steps to prevent unlicensed third parties from publishing his alleged copyrighted works and allowing them to remove Plaintiff's copyright notice making it appear that such works were either in the public domain and/or not otherwise attributable to Plaintiff. In addition, Plaintiff failed to timely send Defendant a "take down notice" or otherwise request removal of the allegedly infringing work(s). As a result, Plaintiff waived and/or acquiesced in his right to enforce and/or is otherwise estopped from enforcing such copyrights against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15. Defendant is informed and believes, and based thereon alleges that Plaintiff has unreasonably failed to mitigate, prevent and/or or reduce its alleged damages, if any, of which Defendant denies. For example, Plaintiff failed to take reasonable and timely steps to prevent unlicensed third parties from publishing his alleged copyrighted works and allowing them to

remove Plaintiff's copyright notice making it appear that such works were either in the public domain and/or not otherwise attributable to Plaintiff. Plaintiff also alleges discovery of Defendant's alleged infringement in March 2018, but failed to send Defendant a DMCA take down notice, an informal request to take the photo down, or otherwise mitigate damages that may or may not have been caused by any alleged infringement.

**PRAYER**

Wherefore, Defendant respectfully prays that:

1. Plaintiff take nothing by the Complaint;
2. For an Order declaring that Defendant has not infringed and does not infringe Plaintiff's copyrights;
3. For an Order dismissing Plaintiff's Complaint in its entirety with prejudice;
4. For an Order entering judgment in favor of Defendant;
5. For an Order awarding Defendant's reasonable attorneys' fees and costs of suit; and
6. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury of all issues that may be so tried.

Dated: November 1, 2019

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Rachael W. Hiatt
Attorneys for Defendants
WAYNE LIN; AND GATECHINA, INC.