1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  Rachael W. Hiatt, Bar No. 317623
   rhiatt@hopkinscarley.com
4  HOPKINS & CARLEY
   A Law Corporation
5  The Letitia Building
   70 South First Street
6  San Jose, CA  95113-2406

7  *mailing address:*
   P.O. Box 1469
8  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
9  Facsimile:    (408) 998-4790

10 Attorneys for Defendants
   Wayne Lin; and GateChina, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE LIN; GATECHINA, INC.; and 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.  3:19-cv-04699-WHO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT WAYNE LIN; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    December 11, 2019<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 2, 17th Floor<br>Judge:   Hon. William H. Orrick<br><br>Complaint Filed: August 12, 2019<br>Trial Date:      None Set |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on December 11, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable William H. Orrick in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant Wayne Lin ("Mr. Lin") will and hereby does move the Court for an order dismissing all claims asserted against him in the Amended Complaint (Dkt. No. 14-1) filed by Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski") in the above-captioned action.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and applicable case law on the grounds that the Amended Complaint fails to state a claim for direct or secondary copyright infringement against Mr. Lin. As a result, the Court should issue an order dismissing the Amended Complaint and all causes of action asserted therein against him.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Jeffrey M. Ratinoff, the Proposed Order submitted herewith, the pleadings and papers on file in this action, any reply papers filed in connection with this Motion, any evidence or argument presented to the Court at or before the hearing on this Motion, and all matters of which the Court may take judicial notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The allegations in the Amended Complaint supporting Plaintiff's single cause of action asserted against Mr. Lin and Defendant GateChina, Inc. ("GateChina") collectively infringed Plaintiff's copyrighted work and trademark consist of a handful of conclusory allegations that ask the Court to draw unwarranted deductions concerning Mr. Lin's alleged involvement in GateChina's alleged unauthorized publication of Plaintiff's copyrighted images on its website.

Plaintiff makes no effort to establish that Mr. Lin was directly involved in any alleged infringement of such images. Rather, Plaintiff collectively refers to Mr. Lin and GateChina as "Defendants." In other instances, Plaintiff assert allegations concerning the publication of the alleged copyright images on "its website" in apparent reference to only GateChina. The Ninth Circuit has made clear that a copyright plaintiff must sufficient allege facts establishing a claim against *each* named defendant and that indiscriminately lumping them together as "defendants" is insufficient to state a claim against them.

Even if such vague allegations were adequate, which they are not, the Amended Complaint still lacks sufficient allegations to state a copyright infringement claim against Mr. Lin. There no facts alleged establishing that Mr. Lin had any knowledge of or participation in the alleged acts of infringement. Rather, Plaintiff bases his claims against Mr. Lin on the mere fact that Mr. Lin is GateChina's CEO and has an unspecified "financial interest" in GateChina. Such the bare and conclusory allegations are insufficient as a matter of law to establish a claim for either direct or secondary liability for copyright infringement by Mr. Lin.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Amended Complaint sufficiently alleges a claim for copyright infringement against Mr. Lin.

2. Whether the Court should grant Plaintiff leave to amend.

///

///

///

## III. FACTUAL BACKGROUND

### A. The Parties

Plaintiff purports to be a professional photographer who has alleged licensed or sold his photographs to dozens of major media outlets. *See* Dkt. No. 14-1 at 2:21-24, 4:2-9. Plaintiff alleges that he is the sole author and exclusive rights holder to 23 Images (collectively the "Camden Images" or "Images 1 to 23") of certain dilapidated buildings and life generally in Camden, New Jersey, which he registered with the U.S. Copyright Office on or about April 10, 2014. *See id.* at 4:10-16. Plaintiff also claims to be the sole author and exclusive rights holder to an image ("Image 24" or "The Subway Image") of a New York subway station, which he alleges was registered with the U.S. Copyright Office on or about March 31, 2016. *See id.* at 4:23-28.

Plaintiff alleges that Defendant GateChina, Inc. ("GateChina") is a California corporation that owns and does business as an internet website at www.wenxuecity.com (the "Website"). *See* Dkt. No. 14-1 at 3:1-3. Plaintiff further alleges that Defendant Wayne Lin ("Mr. Lin") is the Chief Executive Officer (CEO) of GateChina, and "has the right and ability to supervise and control its activities, and maintains a financial interest therein." *Id.* at 2:24-28. Thereafter, Plaintiff collectively refers to GateChina and Lin, along with all their "agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s)" as "Defendant" without any further distinction. *Id.* at 3:22-26.

### B. Plaintiff's Copyright Infringement Claim

Plaintiff alleges that the Camden Images were first published on June 26, 2012 in a news article by the Daily Mail (presumably a licensee). *See* Dkt. No. 14-1 at 4:16-22. Plaintiff then alleges that sometime between March 19, 2018 and October 18, 2018, he "discovered that Defendants had used [the Camden Images] without permission on its Website in an article *titled Real shot of the highest crime rate in the United States: 39 people died in July (Photos)* (the 'Infringing Article 1') …." *Id.* at 5:10-16. Plaintiff similarly alleges that the Subway Image was first published by the New York Post on March 6, 2016 and that "[o]n or about May 16, 2018,

///

[he] discovered that Defendants had used [the Subway Image] without permission on its Website in a separate article ('Infringing Article 2')." *Id.* at 4:27-5:5, 5:20-25.

Plaintiff further alleges on information and belief that "Defendants made unauthorized copies of [Plaintiff's] Images, and uploaded it to the server for Defendant's Website" and that he "never authorized Defendants to use the Images in any manner." Dkt. No. 14-1 at 5:25-6:3. Plaintiff then concludes on information and belief that an unidentified "Defendant knew that it did not have permission to use the Images on the Website and willfully infringed Sadowski's Images." *Id.* at 6:3-7.

Plaintiff incorporates these allegations by reference into a single cause of action for copyright infringement, wherein he alleges in a general and conclusory fashion that:

- Plaintiff did not consent to, authorize or allow "Defendants" to use of Plaintiff's "unique and original Images;" and
- "Defendants willfully infringed upon Plaintiff's copyrighted Images" by using and publishing those images for commercial benefit on GateChina's Website.

Dkt. No. 14-1 at 6:10-22. Plaintiff then seeks unspecified actual damages, and in the alternative, statutory damages, along attorneys' fees and costs from "Defendants" and injunctive relief. *Id.* at 6:23-7:21. For the reasons set forth below, these vague and conclusory allegations are not sufficient to maintain any direct or secondary claim of copyright infringement against Mr. Lin.

## IV. LEGAL ARGUMENT

### A. Applicable Legal Standard

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to nPP. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements of a cause of action." *Iqbal*, 555 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *accord Iqbal*, 555 U.S. at 677–80.

### B. Plaintiff Fails to Assert a Claim for Copyright Infringement Against Defendant Wayne Lin

To state a claim for direct copyright infringement, a plaintiff must "plausibly allege" two things: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116–1117 (9th Cir. 2018). Where there are multiple defendants, a plaintiff must also ***separately*** plead and prove these elements for ***each*** defendant. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (plaintiff "must show that [it] owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act."); *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018) (affirming dismissal where there were insufficient facts connecting the defendant to the alleged infringing activity) (citing same).

As an initial matter, the Amended Complaint fails to state a claim for direct copyright infringement against Lin because it does not specifically allege that he personally copied or published either the Camden Images or the Subway Image on GateChina's website, or otherwise personally violated any of Plaintiff's other exclusive rights under the Copyright Act. *See* 17 U.S.C. §§ 106, 501(a). While the Amended Complaint strategically lumps GateChina and Mr. Lin together by repeatedly referring to them as "Defendants" or "Defendant," Plaintiff alleges

that the "copying" and "public display" was on a website owned by GateChina, not Mr. Lin. Dkt. No. 14-1 at 3:1-3 ("Defendant GateChina Inc. is a corporate entity residing in the State of California, doing business as http://www.wenxuecity.com/"), 3:6-9 ("Attached hereto as Exhibit A is a true and correct copy of the Website's Terms of Use showing ownership by Defendant GateChina, Inc."); *see also* Dkt. No. 14-1 at 5:10-14, 20-28 (references to "its Website" and "Defendant's Website" previous defined as being owned by GateChina). There are no substantive, factual allegations personally linking Mr. Lin to such acts or otherwise providing Mr. Lin with sufficient notice as to how he is purportedly liable for copyright infringement.

The only allegation in the Amended Complaint pertaining to Mr. Lin is that he is GateChina's CEO and "has the right and ability to supervise and control its activities, and maintains a financial interest therein." *See* Dkt. No. 14-1 at 2:24-28. Even at the pleading stage, however, bare allegations that Mr. Lin is a corporate officer with a financial interest in GateChina are insufficient to state either a direct or secondary copyright infringement claim against him. *See Netbula, LLC v. Chordiant Software, Inc.*, No. C 08-00019 JW, 2009 WL 750201, at *2 (N.D. Cal. Mar. 20, 2009) (holding that "[t]he mere fact that a defendant is an officer and shareholder of an infringing corporation is 'too attenuated' to show a 'direct financial interest in the exploitation of copyrighted materials.'") (*quoting Softel, Inc. v. Dragon Med. and Scientific Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir.1997)); *see also ALS Scan, Inc. v. CloudFlare, Inc.*, CV 16-5051-GW (AFMx), 2017 WL 1520444, *6 (C.D. Cal. Feb. 16, 2017) (granting motion to dismiss where complaint merely alleged that defendant had "the right and ability to control or supervise the direct infringement" and "have directly benefited financially from such infringing activity"). Accordingly, the Court should dismiss Plaintiff's Amended Complaint for failure to state a plausible claim for either direct or secondary copyright infringement against Mr. Lin.

**C.  The Court Should Deny Plaintiff Leave to Amend**

Prior to filing this motion, counsel for Mr. Lin requested that counsel for Plaintiff provide the factual basis for their copyright infringement claim asserted against him because the mere fact that he is an officer of GateChina was not sufficient to maintain that claim against him. *See* Declaration of Jeffrey M. Ratinoff in Support of Motion to Dismiss ("Ratinoff Decl."), ¶ 2.

Rather that providing any additional information, counsel for Plaintiff claimed "at this time, pre-discovery, we believe [Mr. Lin] can be held liable for the alleged infringements." *Id.* at ¶ 3. Instead, Plaintiff chose to simply amend his complaint by adding exhibits purporting to show his discovery of the alleged infringement to "bolster" his claims.

While leave to amend is normally granted, the Court may decline to do so where a plaintiff is maintain a claim in bad faith or granting leave would be futile. *See Foman v. Davis* 371 US 178, 182, 83 S.Ct. 227, 230 (1962) (a court may exercise its discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant…, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); *see also Tanner v. Kaiser Found. Health Plan, Inc.*, No. C 15-02763-SBA, 2016 WL 4076116, at *8 (N.D. Cal. Aug. 1, 2016) ("leave to amend may be denied if … further amendment would be futile). Likewise, a plaintiff cannot avoid or delay a dismissal under Rule 12(b)(6) by asserting a need for limited discovery directed at facts needed to plead a cause of action. The Supreme Court made clear that if a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686, 129 S.Ct. at 1954; *accord Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (plaintiff's claim she "might later establish some set of undisclosed facts" not enough to survive Rule 12(b)(6) motion); *OSU Student Alliance v. Ray,* 699 F.3d 1053, 1078 (9th Cir. 2012) (holding that "when a plaintiff presses an implausible claim, lack of access to evidence does not save the complaint").

Here, Plaintiff could not articulate a legitimate factual basis to maintain a copyright claim against Mr. Lin beyond what courts in this District consider to be legally and factually deficient. *See, e.g., Netbula,* 2009 WL 750201, at *2. Plaintiff has had two opportunities to sufficiently plead facts establishing a claim against Mr. Lin, but is either unwilling or unable to do so. It is thus reasonable to infer that Plaintiff did not have a good faith basis to assert a copyright claim against Mr. Lin in the first place, and cannot further amend his complaint to maintain such a claim. Accordingly, the Court should grant this motion without leave to amend and dismiss the Amended Complaint against Mr. Lin with prejudice.

/ / /

## V. CONCLUSION

For the foregoing reasons, Mr. Lin respectfully request that the Court grant Plaintiff's motion to dismiss in its entirety without leave to amend as Plaintiff appears to have named Mr. Lin as a defendant without any good faith basis to do so.

Dated: November 1, 2019

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Rachael W. Hiatt
Attorneys for Defendants
WAYNE LIN; AND GATECHINA, INC.